


Law Office of Peter D. Hoffman, Esq.
Peter D. Hoffman, Esq., (PH-8306)
Stuart Goldberg, Esq. (SG-3972)
200 Katonah Avenue
Katonah, NY 10536
(914) 232-2242   Phone
(914) 232-2245   Facsimile

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS, NEW YORK**

| | |
|---|---|
| Robert Kear,<br><br>                     Plaintiff,<br><br>against<br><br>Katonah Lewisboro Central School District, Katonah Lewisboro Central School District Board of Education, Richard Beckley in his individual and official capacity as Athletic Director of the Katonah Lewisboro School District and Robert Lichtenfeld in his individual and official capacity as Superintendent of the Katonah Lewisboro Central School District, and 1-100 unknown administrators, employees, agents and assigns of the Katonah Lewisboro Central School District, in both their individual and official capacities,<br><br>                     Defendants | **COMPLAINT**<br>**FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>JURY DEMAND   **ROBINSON**<br><br>DOCKET NO. **05 CIV. 7038**<br><br>The Hon.                          , JSC |

## INTRODUCTION

1. Plaintiff's claims arise out of discriminatory misconduct perpetrated on Plaintiff, by the Defendant Katonah Lewisboro Central School District, by the active conduct of Defendant School District and its Board of Education, (BOE), and its defendant administrators, employees, agents and assigns. The form of this

Page 1 of 16

misconduct was both age and gender discrimination;

2. This is a civil rights action in which Plaintiff Robert Kear seeks to redress deprivation of his rights to be free of discrimination under color of state law as secured to them by the Fourteenth Amendment of the Constitution of the United States of America and the 42 USC § 2000d, Titles VI and VII of Civil Rights Act and as enforced by 42 USC § 1983;

3. Plaintiff also appends State Law claims, herein;

## JURISDICTION AND VENUE

4. Jurisdiction is conferred pursuant to 28 U.S.C. §1343(3) and (4) which provides original jurisdiction in this Court on all suits brought pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331, which provides jurisdiction to all matters brought pursuant to the United States Constitution and laws of the United States;

5. Jurisdiction is also conferred pursuant to 42 USC § 2000d-7, Civil Rights Remedies Equalization Act, for violations of 42 USC § 2000d, Titles VI and VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act 29 U.S.C. 621 et seq., 29 U.S.C. 626(c)(1) and for discrimination by recipients of Federal financial assistance;

6. Jurisdiction over the claim is appropriate because Plaintiff filed a claim with the Equal Employment Opportunity Commission and a Right to Sue Letter was issued on May 10, 2005, EEOC Charge No. 160-2005-01336;

7. In addition, Plaintiffs respectfully request that this Court invoke its supplementary jurisdiction over Plaintiffs' state law causes of action pursuant to 28 U.S.C.

§1367(a);

8. Venue lies within the Southern District of New York, White Plains, New York, pursuant to 28 U.S.C. 1391(b) because the claim arose in this Judicial District;

9. The unlawful discriminatory practices, alleged below were committed within the Southern District of New York;

## PARTIES

10. Plaintiff Robert Kear is a male adult individual residing at 8 Orchard Drive, South Salem, NY 10590. Plaintiff is an employee of defendant Katonah Lewisboro Central School District. Plaintiff has been an employee of the Katonah Lewisboro Central School District since on or about September 1973. Plaintiff's date of birth is April 2, 1950 ;

11. Defendant Katonah Lewisboro Central School District is a local school district which serves students living within the towns of Katonah, South Salem, Vista, Goldens Bridge, Cross River and Pound Ridge, in Westchester County, NY, with its administrative offices located at 1 Shady Lane, South Salem, NY 10590, Westchester County, New York;

12. Defendant Katonah Lewisboro Central School District, Board of Education, is the board of education for the above mentioned Katonah Lewisboro Central School District ;

13. Defendant Richard Beckley, is duly appointed and employed as the Athletic

Director of the Katonah Lewisboro Central School District. He is sued in his individual and official capacities;

14. Defendant Robert Lichtenfeld, is duly appointed and employed as the Superintendent the Katonah Lewisboro Central School District. He is sued in his individual and official capacities;

15. Defendants 1-100, unknown administrators, employees, agents and assigns of the Katonah Lewisboro Central School District, are duly appointed and employed by the Katonah Lewisboro Central School District. They are sued in their individual and official capacities;

## FACTS

16. Plaintiff is a gym teacher and athletic coach who for over thirty years has dedicated his professional life to the students in the defendant Katonah Lewisboro Central School District;

17. On or about March 13, 2001, Plaintiff and defendants entered into a settlement agreement to resolve outstanding grievances and a former EEOC charge, (charge no. 160A02726) concerning discrimination in employment conditions, hereinafter "Agreement");

18. The defendants have sought to undermine and breach the terms of the Agreement since the time it was put into effect;

19. Plaintiff at all times has met the legitimate expectations of defendants and defendants have stated that there is no disciplinary action or file concerning Plaintiff;

20. Since the execution of the Agreement, the conduct of the defendants have routinely prevented Plaintiff from taking advantage of paid coaching opportunities, paid chaperoning activities and embarked on a pattern of conduct that isolated Plaintiff;

21. Since the execution of the Agreement the defendants' conduct has created a hostile work environment for Plaintiff;

22. The Agreement also contained a "Memorandum of Agreement on the Reappointment of Coaches" that detailed a policy and procedure for the appointment of coaches and the evaluation of coaches;

23. In general, defendants never implemented this policy and procedure in this memorandum and it was never applied to Plaintiff;

24. Prior to the Agreement, Plaintiff had served in any number of coaching positions including but not limited to varsity coaching positions, but after the agreement, Plaintiff was relegated to junior varsity and freshman coaching positions;

25. Plaintiff was removed from his position as a High School Gym Teacher and sent to the Elementary School as an Elementary School Gym Teacher on or about

September 7, 2004;

26. Plaintiff was replaced in his position as a gym teacher by another gym teacher who was at the time under the age of forty;

27. The demotion to the elementary school position has had an extremely deleterious effect on Plaintiff's ability to garner coaching positions both inside the defendant school district and as it concerns coaching opportunities outside the school district for the following reasons;

  a. The elementary school day ends nearly an hour after the high school day causing Plaintiff to be unable to be available to coach varsity team in district or out district at a time when such teams have practice and game schedules;

  b. The elementary school to which Plaintiff is assigned is geographically isolated from the high school causing Plaintiff to be unable to be available to high school athletes and support staff during the school day and to cause Plaintiff to be unable to compete for out of district placements that are geographically far reaching;

28. Before and since the Agreement, Plaintiff was subjected to gender discrimination by the defendant district, in that it continually allowed women in the athletic department to have all say as it concerned policy and curriculum without any consideration to the input of male members of the department;

29. In particular, Plaintiff and other male gym teachers in the athletic department

were excluded from the development of policy and curriculum as well as being excluded from the implementation of new policy and curriculum;

30. Plaintiff was also routinely excluded from participating in paid chaperoning activities, by the defendant athletic director;

31. The defendant athletic director through his office was responsible for providing chaperone's for extra curricular school events by making such opportunities known to the faculty at large;

32. Since the time of the Agreement, Plaintiff has made out formal grievances and participated in grievance procedures concerning the same pattern as described above and as described in the Agreement;

33. As a result of Plaintiff's participation in the grievance procedure after the Agreement and his actions that led to the Agreement, defendants have retailiated against Plaintiff;

34. Plaintiff was and is routinely not informed of such opportunities and when he learned of these opportunities the chaperoning duties had been filled;

35. Upon information and belief, since the signing of the Agreement, defendants have embarked on a pattern of conduct in retaliation against Plaintiff;

36. Upon information and belief, since the signing of the Agreement, defendants have embarked on a pattern of conduct intended to constructively discharge

Plaintiff;

37. Upon information and belief Plaintiff is among the highest paid teachers in the defendant's athletic department and in the entire defendant school district;

38. Upon information and belief, defendants have embarked on a pattern of conduct designed to systematically eliminate older teachers from defendant's faculty;

39. All of the discrimination described above has caused Plaintiff to be isolated in his employment and such discrimination has caused Plaintiff to lose valuable opportunities for coaching assignments and chaperoning assignments;

## COUNT I
## AGE DISCRIMINATION - FEDERAL

40. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as if fully set forth here and further allege as follows;

41. Defendants pattern of conduct concerning the ongoing age discrimination and retaliation directed toward Plaintiff is in violation of Plaintiff's rights under the Age Discrimination in Employment Act 29 U.S.C. §621 et seq., and 14th Amendment of the United States Constitution as enforced through the 42 U.S.C. § 1983;

42. Defendants have unlawfully discriminated and retaliated against Plaintiff based on his age and because he opposed conduct which was made an unlawful practice by the Age Discrimination in Employment Act 29 U.S.C. 621 et seq.,

43. When defendants demoted and transferred Plaintiff, his former job assignment

went to a younger person;

44. Age was a motivating factor for defendants as it concerned Plaintiff's demotion and transfer;

45. Such discrimination was willfully and knowingly done by defendants;

46. Pursuant to the Age Discrimination in Employment Act 29 U.S.C. 621 et seq., defendants have willfully and knowingly discriminated against Plaintiff as based on his age;

47. As a direct and proximate result of the age discrimination by the defendants, Plaintiff has sustained a loss of paid coaching opportunities, paid chaperoning activities, benefits, incidental expenses, and front pay and benefits should reinstatement prove impractical;

48. For the discriminatory and retaliatory conduct alleged herein, defendants are jointly and severally liable in damages and other relief as set forth herein;

49. Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. 626(b) because of Defendant's willful violation of the Age Discrimination in Employment Act;

50. Plaintiff is further entitled to his costs and attorneys pursuant to 29 U.S.C. 216(b);

51. Additionally, Plaintiff states that defendants engaged in the discriminatory practices alleged with malice or with reckless indifference to Plaintiff's federally protected rights, and defendants are jointly and severally liable for punitive

damages;

52. As a direct and proximate clause of the defendants' unlawful discriminatory and retaliatory conduct Plaintiff has been damaged;

53. Plaintiff is further entitled to his costs and attorneys pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1988;

## COUNT II
## GENDER DISCRIMINATION - FEDERAL

54. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as if fully set forth here and further allege as follows;

55. Defendants pattern of gender based discrimination and retaliation directed toward Plaintiff is in violation of Plaintiffs' rights under 42 U.S.C. Section 2000d *et. seq.*, Title VII of the Civil Rights Act of 1964 and 14th Amendment of the United States Constitution as enforced through the 42 U.S.C. § 1983;

56. Defendants have unlawfully discriminated and retaliated against Plaintiff based on his gender and because he opposed conduct which was made an unlawful practice by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., in violation of § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), and § 704 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a);

57. For the discriminatory and retaliatory conduct alleged herein, defendants are jointly and severally liable in damages and other relief as set forth herein;

58. Additionally, Plaintiff states that Defendants engaged in the discriminatory practices alleged in this Second Count with malice or with reckless indifference to Plaintiff's federally protected rights, and defendants are jointly and severally liable for punitive damages pursuant to 42 U.S.C. § 1981a(b);

59. As a direct and proximate result of the gender discrimination by the defendants, Plaintiff has sustained a loss of paid coaching opportunities, paid chaperoning activities, benefits, incidental expenses, and front pay and benefits should reinstatement prove impractical;

60. Plaintiff is entitled to liquidated damages because of Defendant's willful violation of Title VII of the Civil Rights Act;

61. Additionally, Plaintiff states that Defendants engaged in the discriminatory practices alleged with malice or with reckless indifference to Plaintiff's federally protected rights, and Defendants are jointly and severally liable for punitive damages;

62. As a direct and proximate clause of the defendants' unlawful discriminatory and retaliatory conduct Plaintiff has been damaged;

63. Plaintiff is further entitled to his costs and attorneys pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1988;

## COUNT III
### AGE DISCRIMINATION - NEW YORK HUMAN RIGHTS LAW

64. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as if fully set forth here and further allege as follows;

65. New York Human Rights Law §296(1)(a) makes age discrimination in employment an unlawful discriminatory practice;

66. Under New York Human Rights Law §296(6) "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so";

67. Under New York Human Rights Law §296(7) it is an "unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article or because he has filed a complaint, testified or assisted in any proceeding under this article";

68. Under New York Human Rights Law §296(8) it is "an unlawful discriminatory practice for any party to" an agreement made pursuant to "this article to violate the terms of such agreement";

69. As seen herein, defendants have willfully and knowing violated Plaintiff's rights under the anti age discrimination laws of the State of New York;

70. As seen herein, defendants have willfully and knowing violated Plaintiff's rights under the anti age discrimination laws of the State of New York;

71. As seen herein, defendants engaged in retaliation against Plaintiff as it

concerned and concerns the issues of age discrimination in the Agreement;

72. As seen herein, defendants engaged in retaliation against Plaintiff as it concerned and concerns the issues of age discrimination and Plaintiff's age;

73. As a direct and proximate clause of the defendants' unlawful discriminatory and retaliatory conduct Plaintiff has been damaged;

74. Plaintiff is entitled to all damages allowed under New York Human Rights Law §296, et seq.;

## COUNT IV
## GENDER DISCRIMINATION - NEW YORK HUMAN RIGHTS LAW

75. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as if fully set forth here and further allege as follows;

76. New York Human Rights Law §296(1)(a) makes gender discrimination in employment an unlawful discriminatory practice;

77. Under New York Human Rights Law §296(6) "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so";

78. Under New York Human Rights Law §296(7) it is an "unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article or because he has filed a complaint, testified or assisted in any proceeding under this article";

79. Under New York Human Rights Law §296(8) it is "an unlawful discriminatory practice for any party to" an agreement made pursuant to "this article to violate the terms of such agreement";

80. As seen herein, defendants have willfully and knowing violated Plaintiff's rights under the anti gender discrimination laws of the State of New York;

81. As seen herein, defendants have willfully and knowing violated Plaintiff's rights under the anti gender discrimination laws of the State of New York;

82. As seen herein, defendants engaged in retaliation against Plaintiff as it concerned and concerns the issues of gender discrimination in the Agreement;

83. As seen herein, defendants engaged in retaliation against Plaintiff as it concerned and concerns the issues of gender discrimination and Plaintiff's gender;

84. As a direct and proximate cause of the defendants' unlawful discriminatory and retaliatory conduct Plaintiff has been damaged;

85. Plaintiff is entitled to all damages allowed under New York Human Rights Law §296, et seq.;

## COUNT V
## BREACH OF CONTRACT

86. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as if fully set forth here and further allege as follows;

87. The Agreement referenced above was a valid contract;

88. The defendants have breached the Agreement by failing to stop conduct proscribed therein;

89. The defendants have breached the Agreement by failing to implement the Memorandum concerning coaching appointments;

90. As a direct and proximate cause of the defendants' breaching conduct Plaintiff has been damaged;

91. Plaintiff is entitled to all damages allowed under New York law;

WHEREFORE, Plaintiff prays:

1. For back pay and benefits;

2. For incidental expenses;

3. For reinstatement or in the alternative front pay and benefits until Plaintiff attains the age of retirement;

4. For punitive damages;

5. For liquidated damages;

6. For costs and attorneys fees;

7. For Injunctive relief ordering Plaintiff to return to his position of high school gym teacher and for implementation of the Agreement and the Memorandum concerning coaching appointments;

8. For declaratory judgment declaring conduct of defendants discriminatory and in violation of Plaintiff's Civil Rights;

9. For any other relief this Court deems just and equitable.

Respectfully submitted,

_____
Peter D. Hoffman, Esq. (8306)
Law Office of Peter D. Hoffman, PC
Attorneys for Plaintiff
200 Katonah Avenue
Katonah, NY 10536
(914) 232-2242        Phone
(914) 232-2245        Facsimile

Date:  August 8, 2005
       Katonah, NY

_____
Stuart Goldberg, Esq. (3972)
Law Office of Peter D. Hoffman, PC
Attorneys for Plaintiff
200 Katonah Avenue
Katonah, NY 10536
(914) 232-2242        Phone
(914) 232-2245        Facsimile

Date:  August 8, 2005
       Katonah, NY