```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
ROBERT KEAR,                       :
                                   :
          Plaintiff,               :
                                   :
     -against-                     :
                                   :
KATONAH LEWISBORO CENTRAL SCHOOL   :
DISTRICT, KATONAH LEWISBORO CENTRAL:
SCHOOL DISTRICT BOARD OF EDUCATION,:
RICHARD BECKLEY in his             :   REPORT AND RECOMMENDATION
individual capacity as Athletic    :   05-cv-7038 (SCR)(MDF)
Director of the Katonah Lewisboro  :
School District, ROBERT            :
LICHTENFELD in his individual      :
capacity as Superintendent of the  :
Katonah Lewisboro School District, :
and 1-100 unknown administrators,  :
employees, agents and assigns of   :
the Katonah Lewisboro Central      :
School District, in both their     :
individual and official capacities,:
                                   :
          Defendants.              :
                                   :
-----------------------------------X
```

**TO:   THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.**

In August 2005, Plaintiff Robert Kear commenced this action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), the New York Human Rights Law, N.Y. Exec. Law § 296 ("NYHRL"), and state common law, against the Katonah Lewisboro Central School District (the "District"), the

District Board of Education, and various individual administrators and employees of the District (collectively, the "Defendants"), asserting claims of gender and age discrimination. Currently pending is the Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Kear's gender discrimination claims and those claims asserting hostile work environment.  For the reasons that follow, it is respectfully recommended that the Defendants' motion be DENIED and that Kear be granted leave to amend his complaint to assert a separate hostile work environment claim.

## BACKGROUND

Since September 1973, Kear has been employed by the District as a physical education teacher and athletic coach.  *See* Compl. at ¶ 16.  According to the complaint, on March 13, 2001, Kear entered into a settlement agreement with the District "to resolve outstanding grievances and a former EEOC charge . . . concerning discrimination in employment conditions."  *Id*. at ¶ 17.  The complaint does not set forth the specific nature of the grievances or the charges made in the EEOC complaint.  Kear asserts that, as part of the settlement, the parties agreed to a "Memorandum of Agreement on the Reappointment of Coaches," which detailed a policy and procedure for the appointment and evaluation of athletic coaches.  *See id*. at ¶ 22.  According to Kear, the Defendants never implemented this policy.  *See id*. at

¶ 23.

Kear alleges that, prior to the settlement agreement, he served in numerous athletic coaching positions, including varsity coaching positions, but, after the settlement, he was "relegated to junior varsity and freshman coaching positions." *Id.* at ¶ 24. He further alleges that, on September 7, 2004, the District transferred him from his teaching position at the high school to the elementary school and that his high school position was then filled with a teacher under the age of forty. *See id.* at ¶¶ 25-26. According to Kear, his "demotion to the elementary school position" resulted in his inability to secure certain coaching positions at the high school level because the elementary school day ends later than the high school day and the elementary school to which he was assigned is geographically isolated from the high school. *See id.* at ¶ 27. Additionally, Kear asserts that, after the settlement agreement, the Defendants deprived him of opportunities to serve as a paid chaperone for unspecified activities. *See id.* at ¶¶ 20, 30, 34. He maintains that this conduct created a hostile work environment. *See id.* at ¶ 21.

Kear alleges that the Defendants took these actions against him in retaliation for his "participation in the grievance procedure after the [settlement] [a]greement and his actions that led to the [a]greement." *Id.* at ¶ 33. He also claims that the Defendants' actions were "designed to systematically eliminate

older teachers from [the] faculty." *Id*. at ¶ 38. Kear also alleges that the District subjected him to gender discrimination by "continually allow[ing] women in the athletic department to have all say as it concerned policy and curriculum without any consideration to the input of male members of the department." *Id*. at ¶ 28. He claims that all of the male members of the athletic department were excluded from the development and implementation of new policy and curriculum. *See id*. at ¶ 29.

Kear asserts five causes of action in his complaint: (1) age discrimination and retaliation under the ADEA; (2) gender discrimination and retaliation under Title VII; (3) age discrimination and retaliation under the NYHRL; (4) gender discrimination and retaliation under the NYHRL; and (5) breach of contract. *See id*. at ¶¶ 40-91.

The Defendants seek dismissal of Kear's second and fourth causes of action and those causes of action containing allegations of a hostile work environment. With respect to Kear's claims of gender discrimination, the Defendants argue that Kear has failed to allege that the conduct on which he bases his gender discrimination claims (the exclusion of men in the athletic department from policy and curriculum development) resulted in an adverse employment decision. *See* Memorandum of Law in Support of Motion to Dismiss at 5-6. The Defendants further argue that Kear's hostile work environment claims should

be dismissed for failure to adequately plead any statements, facts, or allegations that detail or allege the basis of such claims.  *See id*. at 7-9.  They contend that Kear's complaint does not include any allegations of an adverse employment action suffered as a result of the hostile work environment or any allegations sufficient to demonstrate severe or pervasive discriminatory conduct that would rise to the level of a hostile work environment.  *See id*. at 8-9.

## Analysis

I.      **Rule 12(b)(6)**

When considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), a court is required to accept the material facts alleged in the complaint as true, and not to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994) (citation and quotation omitted).  "Although bald assertions and conclusions of law are insufficient, the pleading standard is nonetheless a liberal one."  *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).  For dismissals under Rule 12(b)(6), the task of a court "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Id*.

**II.**     **<u>Gender Discrimination</u>**[1]

Prior to the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), in order to survive a Rule 12(b)(6) motion to dismiss, courts required a plaintiff asserting a disparate treatment claim of gender discrimination under Title VII to plead evidence of the *prima facie* case set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Thus, a plaintiff was required to show that: (1) he was a member of a protected class; (2) his job performance was satisfactory; (3) he suffered an adverse employment decision; and (4) the circumstances under which the adverse decision was made gave rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802; *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006). In *Swierkiewicz*, however, the Supreme Court held that a complaint in an employment discrimination action need not contain specific facts establishing a *prima facie* case of discrimination under *McDonnell Douglas*. 534 U.S. at 510. The Court held that, because the *prima facie* case under *McDonnell Douglas* is an evidentiary standard, in asserting an employment discrimination claim, a complaint need only comply with the pleading standard of Fed. R. Civ. P. 8(a). *See id.* at 512-13. Thus, the "complaint

---

[1] Kear's Title VII and NYHRL claims are addressed together because discrimination claims brought under the NYHRL are subject to the same analysis as those brought under Title VII. *See Cruz v. Coach Stores*, 202 F.3d 560, 565 n.1 (2d Cir. 2000).

must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 512 (quoting Fed. R. Civ. P. 8(a)(2)).  "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Defendants contend that Kear has failed to provide fair notice of the grounds on which his gender discrimination claim rests because he has not alleged that he suffered an adverse employment action based on his gender.  The two paragraphs of Kear's complaint that make allegations of gender discrimination state:

> 28.  Before and since the Agreement, Plaintiff was subjected to gender discrimination by the defendant district, in that it continually allowed women in the athletic department to have all say as it concerned policy and curriculum without any consideration to the input of male members of the department;
>
> 29.  In particular, Plaintiff and other male gym teachers in the athletic department were excluded from the development of policy and curriculum as well as being excluded from the implementation of new policy and curriculum.

Compl. at ¶¶ 28-29.  While these two paragraphs may not specifically allege a materially adverse change in the terms and conditions of Kear's employment, read as a whole, his complaint can be fairly read to allege that the adverse employment actions he asserts elsewhere in the complaint were based, not only his age, but also his gender.  These alleged employment actions

7

include a transfer from the high school to the elementary school, loss of opportunity to coach at the varsity level, denial of paid chaperoning opportunities, and a hostile work environment. *See id.* In fact, under his second cause of action, Kear states that "[a]s a direct result of the gender discrimination by the [D]efendants, Plaintiff has sustained a loss of paid coaching opportunities[ and] paid chaperoning activities." *Id.* at ¶ 59.

An employment action will be deemed adverse if it works a materially adverse change in the terms and conditions of one's employment. *See Galabya v. New York City Bd. Of Educ.*, 202 F.3d 636, 640 (2d Cir.2000). "To be materially adverse, a change in working conditions must be more than merely inconvenient. Examples of adverse employment actions include termination of employment or demotion as indicated by diminution in wage, less distinguished title, material loss of benefits or wages and significantly diminished material responsibilities." *Lincoln v. Potter*, 418 F.Supp.2d 443, 456 (S.D.N.Y. 2006). The Second Circuit has made clear that the concept of an adverse employment action has been defined broadly and that "whether an undesirable employment action qualifies as being 'adverse' is a heavily fact-specific, contextual determination." *New York State Law Officers Union v. Andreucci*, 433 F.3d 320, 328 (2d Cir. 2006). One of the cases relied upon by the Defendants, *O'Neal v. State Univ. of New York Health Science Ctr. Brooklyn*, No. 01 Civ. 7802, 2003 WL

1524664, at *6 (E.D.N.Y. Mar. 24, 2003), dismissed a plaintiff's claim of gender discrimination for "fail[ure] to allege the occurrence of any tangible employment action at all." Contrary to the Defendants' assertion, here, Kear has alleged adverse employment actions to support his claim. Whether such actions can be deemed "materially adverse" to sustain his claim is a matter that is more appropriately resolved at a later stage of the litigation. *See Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 (2d Cir. 2006). Accordingly, I respectfully recommend that, to the extent the Defendants' motion seeks dismissal of Kear's disparate treatment gender discrimination claims under Title VII and the NYHRL, the motion be denied.

### III.     **Hostile Work Environment**

The Defendants also seek dismissal of "those causes of action containing allegations of a hostile work environment." Memorandum of Law in Support of Motion to Dismiss at 1. While Kear's complaint alleges that "the [D]efendants' conduct has created a hostile work environment," it does not list a hostile work environment claim as a separate cause of action. Thus, it appears that his allegation of a hostile work environment was made only in support of his disparate treatment claims of age and gender discrimination. *See Grosso v. Queens College*, No. 03 Civ. 2619, 2004 WL 583767, at *6 (S.D.N.Y. Mar. 23, 2004)(noting that hostile work environment can constitute an adverse employment

action to support a disparate treatment claim).  Although Kear maintains in his opposition papers that he has set forth a valid hostile work environment claim, the argument he presents seems to be more in support of his position that he has asserted valid disparate treatment claims of age and gender discrimination rather than a hostile work environment claim.  *See* Memorandum of Law in Opposition at 7-9.  Moreover, even if he did make arguments that more directly addressed a hostile work environment claim as an independent basis for relief, briefing papers may not be used to amend a complaint.  *See Grosso*, 2004 WL 583767, at *6.  Under these circumstances, it is not appropriate to address the sufficiency of the supposed hostile work environment claim.  *See id*.  I, therefore, recommend that your Honor grant leave to Kear to amend his complaint if he, in fact, intends to assert a separate hostile work environment claim.  *See id*.

## **CONCLUSION**

For the following reasons, I respectfully recommend that your Honor deny the Defendants' motion to dismiss Kear's second and fourth causes of action.  I further recommend that your Honor grant Kear leave to amend his complaint to assert a hostile work environment claim.

## **NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ .P., the parties shall have ten (10) days,

plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (see Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson, at the United States Courthouse, 300 Quarropas Street, Room 633, White Plains New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Robinson. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), cert. denied 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15,16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.

Date: October 24, 2006
White Plains, New York

Respectfully submitted,

MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing report and recommendation have been sent via ECF to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Stuart Goldberg, Esq.
Law Office of Peter D. Hoffman, P.C.
200 Katonah Avenue
Katonah, New York  10536

Jonathan R. Harwood, Esq.
Traub, Eglin, Lieberman and Straus LLP
7 Skyline Drive
Hawthorne, New York  10532

plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (*see* Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson, at the United States Courthouse, 300 Quarropas Street, Room 633, White Plains New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Robinson. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), cert. denied 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15,16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.

Date: October 24, 2006
White Plains, New York

Respectfully submitted,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing report and recommendation have been sent via ECF to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Stuart Goldberg, Esq.
Law Office of Peter D. Hoffman, P.C.
200 Katonah Avenue
Katonah, New York  10536

Jonathan R. Harwood, Esq.
Traub, Eglin, Lieberman and Straus LLP
7 Skyline Drive
Hawthorne, New York  10532