UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT KEAR,

          Plaintiff,

v.

KATONAH LEWISBORO CENTRAL SCHOOL,
DISTRICT, KATONAH LEWISBORO CENTRAL
SCHOOL DISTRICT BOARD OF EDUCATION,
RICHARD BECKLEY in his individual capacity as
Athletic Director of the Katonah Lewisboro School
District, ROBERT LICHTENFELD in his individual
capacity as Superintendent of the Katonah Lewisboro
School District, and 1-100 unknown administrators,
employees, agents and assigns of the Katonah Lewisboro
Central School District, in both their individual and
official capacities,

          Defendants.

05 Civ. 7038 (SCR)(MDF)

ORDER ACCEPTING
REPORT AND
RECOMMENDATION

---

**STEPHEN C. ROBINSON, District Judge:**

    Plaintiff Robert Kear ("Plaintiff") commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, ("ADEA"), the New York Human Rights Law, N.Y. Exec. Law § 296 ("NYHRL"), and New York state common law. Plaintiff alleges that Defendant Katonah Lewisboro Central School District ("the District"), Defendant Katonah Lewisboro Central School District Board of Education, and various individual defendants (collectively "Defendants") discriminated and retaliated against him on the basis of age and gender.

    Defendants moved to dismiss Plaintiff's gender discrimination claims and Plaintiff's claim of a hostile work environment. This Court referred Defendants' motion to Magistrate Judge Mark D. Fox for the issuance of a report and recommendation. For the reasons set forth below, this Court accepts Judge Fox's report and recommendation and denies Defendants' motion to dismiss, and grants Plaintiff leave to amend his complaint to assert a separate hostile work environment claim.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

## I. Background

Since 1973, Plaintiff has been employed as a physical education teacher and coach at the District. *See* Compl. at ¶¶ 10, 16. On March 13, 2001, Plaintiff entered into a settlement agreement ("the Agreement") with the District "to resolve outstanding grievances and a former EEOC charge…concerning discrimination in employment conditions." *Id.* at ¶ 17. Plaintiff alleges that the Agreement "contained a Memorandum of Agreement on the Reappointment of Coaches that detailed a policy and procedure for the appointment of coaches and evaluation of coaches." Compl. at ¶ 22 (internal quotations omitted). Plaintiff asserts that "[i]n general, defendants never implemented this policy and procedure". *Id.* at ¶ 23.

Plaintiff further alleges that since the Agreement, the district subjected him to various retaliatory actions. These included being "relegated to junior varsity and freshman coaching positions", *id.* at ¶ 24, and "demotion" to a teaching position at an elementary school. Plaintiff alleges that the latter action hindered his ability to secure coaching positions at the high school for various reasons. Plaintiff further asserts that Defendants deprived him of opportunities to serve as a paid chaperone. *See id.* at ¶¶ 20, 30, 34. Plaintiff also asserts that Defendants' conduct created a hostile work environment. *Id.* at ¶ 21. Plaintiff alleges that these actions were taken in retaliation for his prior grievances, both before and after the Agreement. *Id.* at ¶ 33. Plaintiff further alleges that the District subjected him to gender discrimination by denying men the opportunity to participate in the development of policy and curriculum, *id.* at ¶¶ 28-29.

## II. STANDARD OF REVIEW

### A. Report and Recommendation

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Since Plaintiff in the instant case did not make a timely objection, this Court reviews the Report and Recommendation for clear error.

### B. Rule 12(b)6

In evaluating a motion to dismiss, a court "must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all factual allegations in the complaint.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993)) (citation omitted). In doing so, a court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). A court must deny a motion to dismiss

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir. 1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Because the complaint must allege facts which confer a cognizable right of action, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar*, 286 F.3d 122, 125 (2d Cir. 2002) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *See also Valmonte v. Bane*, 18 F.3d 992, 998 (2d. Cir. 1994)(" "A court should only dismiss a suit under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

## III. DISCUSSION

### A. Adverse Employment Decision

Defendants argue that Plaintiff's claims for gender discrimination should be denied because Plaintiff has not alleged any adverse employment decision resulting from the alleged gender discrimination. This Court disagrees.

As noted by Judge Fox, the Supreme Court has held that in asserting an employment discrimination claim, a complaint need only comply with the pleading standard of Federal Rule of Civil Procedure 8(a). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Thus, the complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (internal quotations and citations omitted). Here, the complaint provides various allegations of adverse employment decisions, including demotion to the elementary school, and the loss of paid coaching and paid chaperoning activities. Plaintiff alleges that such conduct occurred as a direct result of the alleged gender discrimination. Compl. at ¶ 59. Thus, as noted, by Judge Fox, the complaint as a whole can fairly read to allege that the adverse employment decisions alleged were based not only on his age, but also his gender. Whether such employment actions qualify as "adverse" for the purposes of Title VII, is a fact-specific inquiry. *New York State Law Officers Union v. Andreucci*, 433 F.3d 320, 328 (2d Cir. 2006). Thus, whether there is sufficient evidence to support Plaintiff's claim is a question to be resolved at a later stage of litigation. *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 (2d Cir. 2006).

Therefore, finding no clear error in the report and recommendation of Magistrate Judge Fox, Defendant's motion to dismiss Plaintiff's gender discrimination claims is denied.

### B. Hostile Work Environment

Defendants argue that Plaintiff hostile work environment claims should be dismissed because Plaintiff's complaint contains only conclusory allegations of a hostile work environment, but alleges insufficient facts to demonstrate severe or pervasive discriminatory conduct, or to provide Defendants with adequate notice as to what his hostile work environment claims are. *Defendant's Mem.* at 8. This Court agrees.

3

Judge's Fox's report and recommendation noted that the complaint only states that "Defendants' conduct created a hostile work environment" and does not list a hostile work environment claim as a separate cause of action. In addition, Plaintiff's opposition to Defendants' motion to dismiss his hostile work environment claim merely reiterates Plaintiff's claims for disparate treatment. Thus, as concluded by Judge Fox, it appears that Plaintiff's allegations of a hostile work environment appear to be made only in support of his other claims, not as a separate cause of action. *See Grosso v. Queens College*, 2004 WL 583767, *6 (S.D.N.Y. March 23, 2004)(noting that a hostile work environment claim can support a claim of retaliation where, as here, it is not alleged as a separate cause of action).

Finding no clear error, I adopt Judge Fox's recommendation that Plaintiff be granted leave to amend his complaint if he, in fact, intends to assert a separate hostile work environment claim.

## IV. Conclusion

Based on the foregoing, this Court accepts Judge Fox's thorough and well-reasoned report and recommendation. Defendants' motion to dismiss is denied. Plaintiff is granted leave to amend his complaint to assert a hostile work environment claim.

*It is so ordered.*

White Plains, New York
Dated: _February 7_, 2007

Stephen C. Robinson
United States District Judge

4