UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROBERT KEAR,

         Plaintiff,

    - against -

KATONAH LEWISBORO CENTRAL SCHOOL DISTRICT
KATONAH LEWISBORO CENTRAL SCHOOL DISTRICT
BOARD OF EDCUCATION, RICHARD BECKLEY in his
individual capacity as Athletic Director of the Katonah
Lewisboro School District and ROBERT LICHTENFELD in
his individual capacity as Superintendent of the Katonah
Lewisboro School District, and 1-100 unknown administrators,
employees, agents and assigns of the Katonah Lewisboro
Central School District, in both their individual and official
capacities,

         Defendants.
------------------------------------------------------------------------x

05 Cv. 7038 (CLB)

*Memorandum and Order*

Brieant, J.

  Before this Court for decision is a Motion for Summary Judgment by Defendants to dismiss the Plaintiff's First Amended Complaint (Doc. 34). The Motion was argued and fully submitted on March 28, 2008. Plaintiff, a school teacher and athletic coach in Defendant's school system asserts six separate claims. He claims he was discriminated against by his employer because of his age in violation of the ADEA and also claims gender discrimination in violation of Title VII and age discrimination in violation of the New York Human Rights Law. A further claim is made for gender discrimination under the New York Statute as well as a claim for breach of contract and an allegation of hostile work environment.

  The Court considers first the AEDA claim which appears to be Plaintiff's principal

-1-

grievance. This claim is analyzed under the burden shifting analysis of *McDonald Douglas Corp.* Plaintiff, to satisfy these requirements, must show that: (1) at the relevant time he was a member of the protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Ordinarily, establishing a *prima facie* case is not regarded as particularly difficult in this context. The burden under *McDonald Douglas* then shifts to the employer to provide a legitimate non-discriminatory reason for the adverse employment action. Once the employer has articulated a legitimate non-discriminatory reason for the employment action, the burden shifts back to the Plaintiff to prove that the legitimate reason given is pretextual, and also that discrimination was a real reason for the employer action. *See Tarshis v. Riese Organization,* 211 F.3d 30, 35 (2d Cir. 2000).

The facts disclosed in this case are somewhat unusual. Plaintiff alleges that he was improperly transferred from his position as High School Gym Teacher to Elementary Gym Teacher for 2004-2005. The Defendants claim they did so because Plaintiff was no longer qualified for the position of High School Physical Education Teacher. This is the claimed adverse employment action upon which this lawsuit hinges.

It seems that in the Spring of 2004 the Board of Education in its manifest wisdom concluded to implement a new Ninth Grade Physical Education Curriculum which included for the first time Cardiopulmonary Resuscitation and External Defibrillator training for ninth graders. The new subject matter is referred to as "CPR/AED." By doing this, the Board made it necessary

for teachers in the Physical Education Department teaching ninth graders to be certified to provide CPR/AED training to the students. On June 17th and 18th, the teachers including Plaintiff were ordered to participate in compulsory CPR/AED training to learn how to give such first aid and then to become certified to teach it to students as part of the Ninth Grade Physical Education Curriculum.

Plaintiff thought the whole idea was stupid and it is understandable that he might hold these views. He willfully refused to participate in the training and was the only member of the Department to do so. Accordingly, he received no certification to provide this newly required training and was therefore not qualified to teach the physical education curriculum in the high school and the Defendants perhaps gleefully transferred him to the elementary school on September 7, 2004, but the evidence in the case negates any inference that the adverse employment action was pretextual or that it was age-related. The transfer was appropriate in the absence of the certification.

At Plaintiff's request, the Collective Bargaining Agent (Union) filed a grievance and when it was denied, the Union pursued his grievance through arbitration. The School District and the Union acting in behalf of the Plaintiff were represented by counsel at the arbitration hearing and, following the hearing, the Arbitrator denied Plaintiff's grievance. The Arbitrator found that the unilateral refusal to undergo the training rendered Plaintiff unqualified to teach the Ninth Grade Physical Education Curriculum and that his transfer was based solely on his lack of qualification

to teach the ninth grade curriculum, not pretextual and was entirely warranted. Indeed the Arbitrator took a dim view of Plaintiff's actions, holding in relevant part:

> [Grievant's] repeated refusal to receive CPR/AED training as a means of self-help to protest the change constituted a highly unprofessional temper tantrum. In this case... I am at a loss to understand why the Grievant, a tenured teacher with more than thirty years of service decided to use self-help to challenge curriculum changes that were developed and implemented by his colleagues during Department meetings, rather than avail himself of the many opportunities to participate in these collegial efforts and offer his coworkers the benefit of his teaching experience and expertise.

The arbitrator found that the Board was unwilling to take formal disciplinary action for insubordination against a long-term teacher and was unable to retain a teacher untrained in all aspects of the High School Physical Education Curriculum and, for that reason, the transfer was warranted and appropriate.

Defendants now assert that the arbitration was *res judicata* and provides collateral estoppel to these claims. This Court need not reach that issue because the record before the Arbitrator, with both sides represented by counsel, clearly demonstrates that there is no genuine issue of disputed fact that the adverse employment action was taken as a result of Plaintiff's own unjustified actions in refusing to attend the necessary training to be qualified for the position of High School Physical Education Teacher, familiar with, able and certified to teach the elements of CPR/AED. Accordingly, the transfer to the elementary school was justified and not pretextual as a coverup for age discrimination.

The Court need not reach Defendants' contention that the employment action was not

adverse. The Plaintiff lost the opportunity to engage in extra paid duty as a Chaperone, and although there is no change in salary and no loss of tenure, there are cases which hold that a transfer may become actionable as a demotion and a setback to Plaintiff's career, if motivated by discrimination.

The motion is granted. The Clerk shall file a final judgment and terminate all motions pending as of April 7, 2008 as moot and close the case.

X

      X

            X

                  X

                      X

SO ORDERED.

Dated: White Plains, New York
April 7, 2008

*Charles Brieant*
Charles L. Brieant, U.S.D.J.